## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.

If a complaint and warrant for a search for certain intoxicating liquors, which are described, designates the place to be searched as " a tenement on the southerly side of Washington Square in said city, said tenement being situated in a brick building and numbered twenty-two on said square, said tenement consisting of two rooms on the first floor, and the cellar under said rooms, said tenement being occupied by " the person named as keeper of the liquors, an officer's return upon the warrant, which states that he searched the within described premises, and seized therein certain intoxicating liquors, which were described in the same way as in the complaint and warrant, sufficiently shows that he seized the same liquors, and in the same tenement, which were referred to in the complaint and warrant.

A constable may serve a search warrant which is issued upon the complaint of himself and another person.

If a building in a city is known by two numbers, and is as well known by one as by the other, it may be described by either, in a complaint and warrant for a search for intoxicating liquors.

If intoxicating liquors which have been seized on a search warrant issued under Gen. Sts. *c.* 86, are described in the same way in the complaint, warrant and officer's return upon the warrant, it is immaterial whether the issue to the jury is, whether the whole or any part of the liquors described in the complaint were unlawfully kept, &c., or, whether the whole or any part of the liquors actually seized were so kept.

One who appears as claimant of intoxicating liquors which have been seized on a search warrant cannot object that no notice has been given to others.

COMPLAINT for a search warrant for certain intoxicating liquors, under Gen. Sts. *c.* 86, § 42, alleged to be illegally kept and deposited in a certain tenement by Patrick McSweeny. At the trial of the issue framed for that purpose in the superior court, before *Rockwell*, J., McSweeny appeared as claimant, and the

jury found that all the liquor described in the complaint was at the time of the making of the complaint kept and deposited by him for the purpose of being sold in violation of Gen. Sts. c. 86. The claimant alleged exceptions, and filed a motion in arrest of judgment, which are sufficiently stated in the opinion.

*P. C. Bacon & M. J. McCafferty*, for the claimant.

*Foster*, A. G., for the Commonwealth.

CHAPMAN, J. The complaint and warrant describe the liquors as "kept and deposited by Patrick McSweeny, of the city and county of Worcester, in a certain tenement there situate, on the southerly side of Washington Square, so called, in said city, said tenement being situated in a brick building and numbered twenty-two on said square, said tenement consisting of two rooms on the first floor and the cellar under said rooms, said tenement being occupied by said McSweeny." The return upon the warrant states that the officer searched " the within described premises," and seized the intoxicating liquors, which were described.

It is objected that this return leaves it uncertain whether the officer found the liquors in the tenement described, or in some other part of the building; because the word " premises" refers to the whole building. But the court are of opinion that the word " premises" in the return refers with sufficient certainty to the tenement only. A construction that would extend it to the whole building would as reasonably extend it to the whole side of the square.

It is next objected that the return does not state that the liquors seized were identical with those described in the warrant. It states that the officer, by virtue of the warrant, seized the liquors described by him in the premises described in the warrant, and the description in the return is similar to the description in the warrant. This sufficiently imports identity. *Stone* v. *Dana*, 5 Met. 98.

It is objected further that the constable who served the warrant was also one of the complainants, and was for that reason incapable of making the service. But an officer making a complaint is not thereby disqualified from serving the warrant which

is issued upon it; and it would be quite inconvenient if it were so, for it is often the duty of police officers to make complaints.

There was evidence tending to show that the tenement was actually numbered twenty-seven, though described as twenty-two in the complaint. It was numbered twenty-two in the city directory, and there was evidence tending to show that this was a mistake which occurred in consequence of misinformation given to the person who canvassed the city for the directory. It is objected that the misdescription is fatal. The jury were correctly instructed that if it was as well known by one number as it was by the other the description was sufficient. There were other terms used in the description, corresponding with the actual facts, which may have sufficiently identified the tenement, without the aid of this one.

The defendant contended that the issue to the jury should have been whether the whole or any part of the liquors actually seized under the warrant were kept and deposited by McSweeny, and that the judge erroneously refused to put it thus, and directed the jury to find whether the whole or any part of the liquors mentioned in the complaint were so kept and deposited. The issue was the same with that framed in *Commonwealth* v. *Intoxicating Liquors*, 4 Allen, 593; and as the liquors seized appear to be the same that are described in the complaint, the point is not material.

The defendant moved in arrest of judgment, on the ground that the record and papers in the case do not show that any notice was issued to the parties claiming an interest in a portion of the property seized, viz: the vessels containing the liquors seized. The order of notice describes the liquors as contained in certain casks which are described, and directs the claimants to appear and show cause why the liquors and the vessels containing them should not be forfeited. The officer served it on the defendant by an attested copy, and the defendant appeared. He does not appear in behalf of any one but himself, and cannot complain that there was no proper service on others. The record is made up in conformity with the order of notice.

Another ground of objection to the motion is the allegation

that it does not appear by the finding of the jury that any of the liquors described in the complaint were actually seized upon the warrant. This is but a repetition of the objections contained in the exceptions, and is already answered.

*Exceptions and motion in arrest of judgment overruled.*